| | |
|---|---|
| 1 | ANNE M. VOIGTS (SBN 220783) |
| 2 | *avoigts@kslaw.com* |
|   | KING & SPALDING LLP |
| 3 | 601 S. California Ave., Suite 100 |
| 4 | Palo Alto, California 94304 |
|   | Telephone: (650) 422-6700 |
| 5 | Facsimile: (650) 422-6800 |
| 6 | |
| 7 | S. STEWART HASKINS (*pro hac vice*) |
|   | *shaskins@kslaw.com* |
| 8 | J. ANDREW PRATT (*pro hac vice*) |
|   | *apratt@kslaw.com* |
| 9 | CARLEY H. THOMPSON (*pro hac vice*) |
| 10 | *chthompson@kslaw.com* |
|   | KING & SPALDING LLP |
| 11 | 1180 Peachtree Street NE. Suite 1600 |
| 12 | Atlanta, GA 30309 |
|   | Telephone: (404) 572-4600 |
| 13 | Facsimile: (404) 572-5100 |
| 14 | |
| 15 | Attorneys for Defendant |
|   | HOME DEPOT U.S.A., INC. |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HERNANDEZ, et al., and on behalf of all others similarly situated, | Case No. 2:22-cv-08813-SVW-JEM |
| | *Assigned to Hon. Stephen V. Wilson* |
| Plaintiffs, | |
| | **DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF MOTION TO COMPEL ARBITRATION AND SUPPORTING MEMORANDUM** |
| v. | |
| LG ELECTRONICS U.S.A., INC., et al., | |
| | Date:   Monday, February 12, 2024 |
| Defendants. | Time:   1:30 p.m. |
| | Place:  Courtroom 10A |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on February 12, 2024, or as soon thereafter as this matter may be heard, in the courtroom of the Honorable District Judge Stephen V. Wilson, located in Courtroom 10A of the First Street Courthouse, 350 W. 1st Street, 10th Floor, Los Angeles, California 90012, Defendant Home Depot U.S.A., Inc. ("Home Depot"), will and hereby does move this Court for an order staying this case and compelling the parties to arbitrate this dispute through individual arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.

In support of its Motion, Home Depot joins in full and incorporates by reference the Motion to Compel Arbitration (Dkt. 147) submitted by Defendant LG Electronics, U.S.A., Inc. ("LG"), as well as the Motion to Compel Arbitration submitted by Defendants Best Buy Stores, L.P., Bestbuy.com, LLC, Costco Wholesale Corporation, and Lowes Home Centers, LLC ("Retail Defendants," Dkt. 149).

The Motion is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities, all the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, any further argument or evidence that may be received by the Court at the hearing, LG's Motion to Compel Arbitration and memorandum in support, the Retail Defendants' Motion to Compel Arbitration and the memorandum in support, and any further argument or evidence that may be received by the Court at the hearing on those Motions.

## STATEMENT PURSUANT TO LOCAL RULE 7-3

I certify, pursuant to Local Rule 7-3, that counsel for Defendants met and conferred with Counsel for Plaintiffs at the Status Conference on October 10, 2023.

Dated: January 16, 2024          **KING & SPALDING LLP**

By: */s/ Anne M. Voigts*
Anne M. Voigts

*Attorney for Defendant*
Home Depot U.S.A., Inc.

1
DEFENDANT HOME DEPOT'S MOTION TO COMPEL ARBITRATION

## MEMORANDUM OF POINTS AND AUTHORITIES

Home Depot moves this Court to compel arbitration. In support of its Motion, Home Depot joins in LG's Motion to Compel Arbitration, the Retail Defendants' Motion to Compel Arbitration, and the memoranda filed in support. Because the arguments advanced in those Motions apply with equal force to Home Depot, it adopts those Motions in full and incorporates their arguments by reference.

As explained in LG's Motion to Compel Arbitration, Dkt. 147, one of the two[1] remaining California[2] Plaintiffs who claims to have purchased an LG refrigerator from Home Depot, Thomas Wemhoff, alleges that he purchased his refrigerator in July 2018. Dkt. 115 (Fourth Amended Complaint, "FAC") ¶ 144. At that time, LG provided a limited warranty with each refrigerator it sold, which requires the consumer to submit his claims against LG to individual arbitration. While Home Depot was not a party to this arbitration agreement, Wemhoff's claims against Home Depot are subject to arbitration under the doctrine of equitable estoppel. Because Plaintiffs have asserted the same claims against all the defendants in this case "based on the same law and the same set of facts," the entire case should be stayed in favor of arbitration. *Trinchitella v. Am. Realty Partners, LLC*, No. 15-CV-02365-KJM, 2016 WL 4041319, at *13 (E.D. Cal. July 27, 2016); *see also In re Samsung Galaxy Smartphone Mtg. & Sales Pracs. Litig.*, 298 F. Supp. 3d 1285, 1304 (N.D. Cal. 2018) ("A stay of all claims is particularly warranted in the class-action context because the complaint admits that common questions of fact and law predominate."). Similarly, because several other Plaintiffs' claims must be submitted to individual arbitration for separate reasons, as explained in

---

[1] In addition, certain of the other remaining Plaintiff Jetteke Muchemore's claims are barred by the relevant statutes of limitations and are subject to a number of other defenses and grounds for dismissal.

[2] On December 26, 2023, the Court granted Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2), dismissing all claims by the non-California Plaintiffs. Dkt. 139.

the Retail Defendants' Motion to Compel Arbitration (Dkt. 149), all claims should be stayed pending arbitration.

For the reasons given in LG's Motion to Compel Arbitration (Dkt. 147) and the Retail Defendants' Motion to Compel Arbitration (Dkt. 149), Home Depot respectfully requests that the Court grant the Motion to Compel Arbitration.

Dated: January 16, 2024          **KING & SPALDING LLP**

By: */s/ Anne M. Voigts*
Anne M. Voigts

*Attorney for Defendant*
Home Depot U.S.A., Inc.

## CERTIFICATE OF COMPLIANCE

Pursuant to Civil L.R. 11-6.2, the undersigned counsel of record for Defendant Home Depot U.S.A., Inc. certifies that this brief contains 396 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 16, 2024

                               */s/ Anne M. Voigts*
                               Anne M. Voigts